**In re SCHULD MANUFACTURING CO., INC., Schuld Mfg. Pennsylvania, Inc., Schuld Trans., Inc., Debtors.**

**Bankruptcy Nos. WF11–82–00738, WF11–82–00735 and WF11–82–00734.**

United States Bankruptcy Court, W.D. Wisconsin.

Sept. 10, 1984.

Roger G. Schnitzler, Van Metre, Hanson, Clarke, Schnitzler & Meyer, Madison, Wis., for debtors.

Arthur E. Karstaedt, Financial Secretary and Business Agent, for Bakery & Confectionery Workers Intern. Union of America, Local 180.

William J. Rameker, Murphy, Stolper, Brewster & Desmond, S.C., Madison, Wis., for creditors committee.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER DENYING APPLICATIONS TO REJECT LABOR UNION CONTRACT

WILLIAM H. FRAWLEY, Bankruptcy Judge.

The above captioned Debtors, by Van Metre, Hanson, Clarke, Schnitzler & Meyer, having filed Applications for Orders allowing the Debtors to reject a labor union contract; and a hearing having been held; and the Debtors appearing by Attorney Roger G. Schnitzler; and Bakery & Confectionery Workers International Union of America, Local 180, AFL–CIO–CLC, appearing by its Financial Secretary and Business Agent, Arthur E. Karstaedt; and the Creditors' Committee appearing by Attorney William J. Rameker (appearing for Attorney James D. Sweet); the Court, being fully advised in the premises, FINDS THAT:

1. On April 30, 1982, the above captioned Debtors filed for relief under Chapter 11 of the Bankruptcy Code.

2. On August 2, 1982,[1] the Debtors-in-Possession entered into a collective bargaining agreement with Bakery & Confectionery Workers International Union of America, Local 180, AFL–CIO–CLC (the Union).

3. In March of 1983 this Court approved a Plan of Reorganization for the Debtors.

4. On June 25, 1984, Lawrence T. Riordan was appointed Operating Trustee of the Debtors "effective ... June 21, 1984, ..."

---

1. This date is taken from the Debtors' Application. According to a written statement filed with the Court by the Union, a new agreement was consummated on April 23, 1984. Regardless, the current contract was entered into after the bankruptcy petition was filed, and not rejected prior to the confirmation of a plan.

5. On June 21, 1984, Mr. Riordan reduced the Debtors' staff of 200 employees to 75 employees.

6. The next day Mr. Riordan signed an Application for an order allowing the Debtors to reject a labor union contract between Schuld Manufacturing Co., Inc., and the Union. The Application was filed with this Court on June 25, 1984.

7. At or about the same time Mr. Riordan and his consultants concluded that labor costs were a major factor in the companies' inability to operate profitably and that a reorganization was impossible.[2] Mr. Riordan also determined that an existing union contract would prevent many potential buyers from bidding in the event of a sale of the Debtors' business.

8. On July 24, 1984, the Debtors filed an Application for an order allowing the Debtors to reject a labor union contract between Schuld Mfg. Pennsylvania, Inc., and the Union.

9. On August 9, 1984, the Debtors filed a proposed liquidating plan of reorganization.

10. There is no evidence of any negotiations between the Debtors and the Union since June 21 of 1984.

### Discussion

■ 11. Under 11 U.S.C. sec. 365(a) the Bankruptcy Court may approve a trustee's or debtor-in-possession's prior[3] rejection of an unexpired collective-bargaining agreement of the debtor if the Court is persuaded that:

(A) reasonable efforts to negotiate a voluntary modification have been made and are not likely to produce a prompt and satisfactory solution,

(B) the collective-bargaining agreement burdens the estate, and

(C) the equities balance in favor of rejecting the labor contract.

---

**2.** On or about July 6, 1984, the Debtors ceased operations.

**3.** Rejection of labor union contracts prior to obtaining court approval, permitted in *Bildisco,* paragraph 11 *infra,* is not available to debtors

*NLRB v. Bildisco & Bildisco,* —— U.S. ——, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984).

12. Section 365 of the current Bankruptcy Code is based upon Bankruptcy Act of 1898 secs. 70b (Chapter VII liquidations), 116(1) (Chapter X reorganizations) & 313(1) (Chapter XI reorganizations), 11 U.S.C. secs. 110(b), 516(1) & 713(1) (repealed). Pulliam, *The Rejection of Collective Bargaining Agreements Under Section 365 of the Bankruptcy Code,* 58 Am.Bankr.L.J. 1, 6–7 (1984).

13. Section 70b of the Act provided, in pertinent part: "The trustee shall assume or reject an executory contract ... *within sixty days* after the adjudication ..." (emphasis added). Section 116(1) of the Act provided, in pertinent part: *"Upon the approval of a petition,* the judge may ... permit the rejection of executory contracts of the debtor ..." (emphasis added). Section 313(1) of the Act provided, in pertinent part: *"Upon the filing of a petition,* the court may ... permit the rejection of executory contracts of the debtor ..." (emphasis added).

■ 14. A review of the text of the foregoing provisions of the Act indicates that the power to accept or reject executory contracts applied only to contracts in effect at the time the bankruptcy proceedings commenced.

15. A review of the corresponding Code provision suggests the same conclusion. *See* 11 U.S.C. sec. 365(d) ("(1) In ... Chapter 7 ... if a trustee does not assume or reject ... within 60 days after the order for relief ... [the] contract ... is deemed rejected. (2) In Chapter 9, 11, or 13 ... the trustee may assume or reject ... at any time before the confirmation of a plan ...").

16. Other authority supports the deduction that the power to accept or reject is limited to contracts which were executory

---

filing for relief after July 9, 1984. Section 541 of the Bankruptcy Amendments and Federal Judgeship Act of 1984 (adding 11 U.S.C. sec. 1113).

at the commencement of the bankruptcy proceedings. *E.g.* 11 U.S.C. sec. 365(g)(1) (rejection of contract claims treated as pre-petition claims); *Moody v. Amoco Oil Co.,* 734 F.2d 1200, 1214 (7th Cir.1984) (debtor can not accept contract which terminated pre-bankruptcy). *Cf.* 11 U.S.C. sec. 541(a) (commencement of a case creates an estate). *But see* 11 U.S.C. sec. 365(g)(2)(A) (assumed contract rejected prior to conversion of case to chapter 7 treated as post-petition claim).[4]

17. This result is consistent with other limitations placed upon access to the protections of the Bankruptcy Code. *See, e.g.,* 11 U.S.C. secs. 727(a)(8) & 1141(d)(3)(C) (six-year bar of discharge following commencement of proceeding in which discharge granted).

## CONCLUSIONS OF LAW

■ This Court should not approve the rejection of a post-petition collective bargaining agreement entered into between the Debtors and the Union.

## ORDER

IT IS ORDERED THAT the Applications for Orders allowing the Debtors to reject a labor union contract be, and the same hereby are, DENIED, without costs.

---

**4.** Section 365(g)(2) is "not a substantive authorization to breach or reject an assumed contract. Rather [it prescribes] the rules for the allowance of claims in case an assumed contract is breached, or if a case under Chapter 11 ... is converted to a case under Chapter 7 in which the contract is rejected." House Report No. 595, 95th Cong., 1st Sess. 349 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad. News 5963, 6305; S.Rep.No. 989, 95th Cong., 2d Sess. 60 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787, 5846.