**In re AIRPORT EXECUTIVE CENTER, LTD., a Florida Limited Partnership, Debtor.**

**Bankruptcy No. 91–10430–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 5, 1992.

Domenic L. Massari, III, Tampa, Fla., for debtor.

Richard McKay, Tampa, Fla., for receiver.

Allan C. Watkins, Lisa Castellano, Tampa, Fla., for Resolution Trust Corp.

Guy M. Burns, Tampa, Fla., for Charlie Funk, Limited Partner.

Whitney L. Schmidt, U.S. Atty., Tampa, Fla., for U.S. Postal Service.

## ORDER ON DEBTOR'S MOTION TO REJECT POSTAL SERVICE LEASE

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a yet to be confirmed Chapter 11 case and the matter under consideration is a Motion filed by Airport Executive Center, Ltd. (Debtor) seeking authority to reject a certain commercial lease entered into by the State Court Receiver (Receiver) with the United States Postal Service (Postal Service). The record reveals the following facts which are germane to the resolution of the Motion under consideration.

In 1983, the Debtor borrowed from Freedom Savings and Loan Association (Savings & Loan) $21,350,000.00, which was secured by a mortgage on real property and security interests in personal property of the Debtor. The real property is the office building located at 2203 North Lois Avenue, Tampa, Florida. The loan from Savings & Loan was a construction loan which converted to a long-term loan.

The Savings & Loan was taken over by the Resolution Trust Corporation (RTC). On March 13, 1990, the RTC made a demand on the Debtor for full payment and

accelerated the balance due under the note and mortgage as a result of prior defaults by the Debtor. A foreclosure action was instituted on March 26, 1990 in the Circuit Court for the Thirteenth Circuit in Hillsborough County, Florida. On August 20, 1990, the Circuit Court entered an Order appointing Michael B. Preston as Receiver (Receiver) for the property. The Order appointing the Receiver specifically stated, *inter alia:*

> 3. The Court-appointed Receiver; Michael B. Preston, shall have the authority, duty and responsibility to take control over the mortgaged and liened property and to properly operate, run and manage the property known as Airport Executive Center Ltd....
>
> (b) Is authorized to enter into contracts, rental agreements and leases with regard to the subject property; ...

On October 10, 1991, the Circuit Court entered an Order which provided in pertinent part that:

> 2. With regard to future fees and commissions earned pursuant to this Court's order, Preston, as Receiver, shall file requests for the same with this Court as they are earned; if no party objects within 10 days of the filing of such requests then the Receiver shall be entitled to the compensation that he has requested without further order of this Court.

On February 27, 1991, the Receiver entered into an agreement for lease with the Postal Service for one floor of the building, approximately 18,000 square feet. The initial year, the rent was fixed at $18,000.00 per month. The build-out of the leased premises commenced prior to July 31, 1991, the date on which the Debtor filed its Petition for Relief under Chapter 11 of the Bankruptcy Code.

On August 2, 1991, the RTC filed an Emergency Motion to Excuse Compliance with the turnover requirements of the Bankruptcy Code, requesting that the Receiver remain in place. The Motion to Excuse Compliance was heard on several occasions through September 17, 1991. In the interim, in August of 1991, the United States Postal Service occupied the premises and executed the formal lease. The receiver remained in possession and control of the property until this Court's Order of December 6, 1991 removing the Receiver and allowing the Debtor to take possession of the property. On November 11, 1991, the Debtor filed with this Court a Motion to Reject Lease with the Postal Service, contending that the lease is substantially disadvantageous to the Debtor.

█ Section 365(a) of the Bankruptcy Code provides that a Debtor may reject an unexpired lease. However, this Section applies to leases which exist pre-petition, and not those which are entered into post-petition. *See In re Mushroom Transp. Co., Inc.,* 78 B.R. 754 (Bankr.E.D.Pa.1987). See also *In re Schuld Mfg. Co., Inc.,* 43 B.R. 535 (Bankr.W.D.Wisc.1984) (power to accept or reject executory contract is limited to those which were executory pre-petition.). A breach of a valid post-petition lease is treated as an administrative expense. *In re Chugiak Boat Works,* 18 B.R. 292, 296–07 (Bankr.D.Alaska 1982).

█ Applying the foregoing to the facts at hand, this Court finds that inasmuch as the receiver was authorized to enter into the Postal Service lease post-petition, the Debtor cannot reject the same pursuant to § 365(a) of the Bankruptcy Code. Even if the Debtor were able to reject the Postal Service lease pursuant to § 365(a), a point which this Court does not concede, the Postal Service could remain in possession of the leasehold interests for a balance of the term of the lease pursuant to § 365(h)(1) of the Bankruptcy Code.

In sum, this Court is satisfied that the lease entered into post-petition between the Receiver and the Postal Service cannot be rejected by the Debtor pursuant to § 365(a) of the Bankruptcy Code, and the Debtor's Motion to reject such lease should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion to Reject the Lease entered into between the Receiver and the United States Postal Service be,

and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the United States Postal Service is permitted to remain in the building pursuant to the terms of the lease.

DONE AND ORDERED.