43 F.3d 1478
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re BAY CITIES METAL PRODUCTS, INC., Debtor.
Jeff S. RUBIN, Appellant,
v.
BAY CITIES METAL PRODUCTS, INC.; Tevis T. Thompson, Junior,
Trustee; JRW Contemporary, Inc.; Michael H.
Witkin, Appellees.
 No. 93-15722.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Dec. 15, 1994.
 
 Before: LAY,** PREGERSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Plaintiff Jeff S. Rubin appeals the decision of the Bankruptcy Appellate Panel of the Ninth Circuit. We affirm.
 
 
 3
 In 1987, defendants Bay Cities Metal Products, Inc. ("Bay Cities") and Michael H. Witkin filed a lawsuit against Rubin in California state court. In 1989, Bay Cities filed a petition under Chapter 11 of the Bankruptcy Code. Later that year, the parties agreed to a settlement and filed a Stipulation for Entry of Judgment and Order in state court after receiving the bankruptcy court's approval. Pursuant to the settlement agreement, Rubin agreed to a judgment against him for $73,000. Thereafter, Bay Cities' bankruptcy was converted to a Chapter 7 proceeding, and Tevis Thompson was appointed trustee.
 
 
 4
 Rubin brought the instant declaratory judgment action primarily contending that because the trustee had not moved to assume the settlement within sixty days of the conversion, the settlement as an executory contract, should be deemed rejected under 11 U.S.C. Sec. 365(d)(1).[1] On June 9, 1992, the bankruptcy court denied Rubin's motion for summary judgment and granted the defendants' cross-motion.[2] The bankruptcy court rejected Rubin's claim that the parties' postpetition stipulation agreement was an executory contract under the Bankruptcy Code, and therefore held Rubin remained liable under the agreement even though the Chapter 7 trustee had not moved to assume it within sixty days.
 
 
 5
 The court relied on several bankruptcy court decisions that held the term "executory contract" in the Bankruptcy Code does not encompass a postpetition contract entered into by a debtor in possession. See In re Airport Executive Ctr., Ltd., 138 B.R. 628, 629 (Bankr.M.D.Fla.1992); In re Mushroom Transp. Co., Inc., 78 B.R. 754, 760-61 (Bankr.E.D.Pa.1987); In re Schuld Mfg. Co., Inc., 43 B.R. 535, 536 (Bankr.W.D.Wis.1984). It also determined that even if some postpetition contracts could fall within the gambit of Sec. 365, the instant settlement did not because it was not executory. The court drew this conclusion because the estate had no further obligations under the agreement; it merely needed to receive performance.
 
 
 6
 The appellate panel affirmed, pointing out that the Ninth Circuit has also held the term "executory contract" in Sec. 365 does not encompass postpetition agreements. See In re Dant & Russell, Inc., 853 F.2d 700, 706 (9th Cir.1988).[3] Rubin now appeals, challenging both findings of the tribunals below.
 
 
 7
 We agree with the appellate panel that under Dant, supra, this postpetition stipulation agreement is not an "executory contract within the meaning of Sec. 365." We reject Rubin's contention that Dant is distinguishable because the instant case involves a conversion from Chapter 11 to Chapter 7, a fact not present in Dant.[4] This difference is legally irrelevant because although a conversion to Chapter 7 makes the debtor's executory contracts subject to rejection under Sec. 365(d)(a), it does not affect the definition of "executory contract" under Sec. 365(a). We therefore affirm the panel's decision on this ground, and need not address the bankruptcy court's alternative holding.
 
 
 8
 JUDGMENT AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 365 of the Bankruptcy Code covers executory contracts and unexpired leases. Subsection (a) of this section provides in pertinent part:
 Except as provided in ... subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.
 11 U.S.C. Sec. 365(a). Subsection (d)(1) modifies the above section as follows:
 In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.
 11 U.S.C. Sec. 365(d)(1). The term "executive contract" is not defined in the Bankruptcy Code.
 
 
 [2]
 Defendants settled their cross-complaints and counterclaims against one another prior to Rubin's moving for summary judgment
 
 
 [3]
 The panel also affirmed the bankruptcy court's alternative finding that the stipulation agreement at issue here was not executory
 
 
 [4]
 Dant involved lease agreements entered into by the parties postpetition. 853 F.2d at 706. We find Dant 's holding is not limited to leases, however, and therefore applies to other types of postpetition contracts, including stipulation agreements. See id. "[S]ection 365(a) is inapplicable to leases executed postpetition as that section contemplates a prepetition lease or executory contract which is unexpired on the date of the petition."